**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

GUY CLAYTON BARNES,                                                                                                    PLAINTIFF
ADC #93209

v.                                                       5:14CV00058-JLH-JJV

MARK CASHION, Warden, Randall
Williams Unit; *et al*.                                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Plaintiff Guy Clayton Barnes filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, together with an Application to Proceed Without Prepayment of Fees and Affidavit pursuant to 28 U.S.C. § 1915 (Doc. No. 1) (Application). Having reviewed the Amended Complaint he submitted in accordance with the Court's February 20, 2014, Order (Doc. No. 4), the Court finds his Application should be denied.

### II. SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A. Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a three-striker within the meaning of the PLRA, and has filed at least three lawsuits which were dismissed as frivolous or for failure to state a claim upon which relief may be

granted.[1] Although Plaintiff may be permitted to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule set forth above, this exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. 28 U.S.C. § 1915(g); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception...." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

Plaintiff states in his Amended Complaint that Defendants forced him to work in field utility in violation of his medical restrictions, causing him neck pain and swelling, and aggravating a back condition. (Doc. No. 4 at 4-5.) He also states the actions at issue occurred in June 2013, September 2013, and October 2013. (*Id*.) Furthermore, in response to a grievance he filed (and attached to his Amended Complaint), Chief Deputy/Deputy/Assistant Director Larry May stated that "On 10/23/13, you (Barnes) appeared before the Classification Committee and were re-assigned to the laundry." (*Id*. at 15.)

Therefore, it is clear to the Court that Plaintiff's allegation of imminent danger concerns incidents which occurred prior to the filing of his Complaint on February 18, 2014. These allegations do not fall within the "imminent danger" exception to the three-strikes provision, and therefore, Plaintiff's Application should be denied.

---

[1] *Barnes v. Arkansas, et al.*, 2:10-cv-02030-JLH (W.D.Ar.), dismissed as frivolous and for failure to state a claim; *Barnes v. Harris, et al.*, 5:96-cv-00500-GH (E.D.Ar.), dismissed for failure to state a claim; *Barnes v. McDaniel, et al.*, 5:10-cv-00152-JMM (E.D. Ar.), dismissed for failure to state a claim.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) be DENIED.

2.  Should Plaintiff wish to continue this case, he will be required to submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of an order adopting these Recommendations, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.  Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 27th day of February, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE